CHRIST PANAGIOTOU, Appellant, *v.* WORLOCK STONE COMPANY, Respondent.

Third Department, January 7, 1942.

*Joe Schapiro*, for the appellant.

*Woolsey & Woolsey* [*R. D. Woolsey* of counsel], for the respondent.

HILL, P. J. Plaintiff appeals from a judgment entered in Madison county clerk's office on September 5, 1941, in favor of defendant for $425.57 costs, and from an order entered in the same clerk's office on September 27, 1941, denying a motion to vacate the judgment, but amending it by reducing it to $356. Appellant is the owner of a small farm adjacent to a stone quarry operated by respondent, and obtained a judgment enjoining respondent from so operating its quarry that stones were thrown on appellant's land.

Appellant applied to a justice of the Supreme Court resident of the Sixth Judicial District for an order to show cause why the respondent should not be punished for contempt of court for violating the terms of the injunction. The application was granted and made returnable at a term of court held in the Fifth District at Utica, whereat, upon the application of appellant's attorney and over the opposition of respondent's attorney, the matter was

referred, the order providing: " Ordered that the above entitled motion be referred to Ronald J. Dunn, Esq., of Oneida, New York, attorney at law, to hear, try and determine the motion and file his report with this court with all convenient speed." The evidence taken before the referee occupies more than 200 pages of the printed record. The referee's report decided that the motion to punish should be denied and the proceeding dismissed. The provisions as to costs were as follows: " Disbursements totaling three hundred forty-six ($346.00) dollars, including ninety-six ($96.00) dollars stenographic fees, have been paid by the defendant upon notice, which disbursements, together with costs as allowed in the trial of the action in the Supreme Court are allowed to the defendant." Thereon a judgment was entered in Madison county clerk's office dismissing the proceeding, and awarding judgment against appellant for $425.57, referee's and stenographer's fees, and other costs taxed at $79.57. Thereafter appellant's attorney moved before the justice who had appointed the referee for an order vacating the judgment and denying the confirmation of the referee's report. In the affidavit in support of this motion appellant's attorney, who apparently had prepared the order of reference, recites: " Although the order does read that he [the referee] was to hear, try and determine, the ' determine ' part of the order was to determine the motion in so far as he was able to determine it, but that the final determination was to rest with this court after his report was filed with the court." The court denied the motion to vacate the judgment, but directed that it be modified by fixing the amount of costs at $356, being the referee's and stenographer's fees, and ten dollars motion costs.

The original action was tried in April, 1940, before the court and a jury, which returned a verdict of $850 in favor of the appellant, and a judgment was entered thereon, and respondent was enjoined " from conducting its blasting operations in such a manner as to project stones, fragments of rock and debris upon the property of the plaintiff." Within a brief period respondent was cited for contempt, charged with having violated the terms of the earlier judgment. On this hearing it appeared that respondent's method of blasting had been changed, and it was determined that while respondent had violated the earlier judgment, " said violation not being wilful " it was directed to pay nominal damages of ten dollars to plaintiff, together with ten dollars costs of the motion and sixteen dollars disbursements and witness fees. This was followed by the proceeding under review.

Appellant questions the judgment because it was entered in the first instance without application to the court, and cites *Aron v. Aron* (280 N. Y. 328). This irregularity, if in fact it was irregular,

resulted from the form of the order prepared by appellant's attorney, and he raised no question as to its form until after an adverse result. The report now has been considered and approved by the court. The order which denied appellant's motion to vacate the judgment recited that all of the pleadings and proceedings were reviewed by the court and that the attorneys for the parties had been heard. The order in effect modified the judgment and approved it as so modified, thereby complying with the requirements in the *Aron* case that the testimony taken before the referee receive consideration by the court. Complaint is also made that respondent had paid the referee his fee of $250 and stenographer's fees of $96 upon receiving the report. The amount paid has now been approved by the court and is not subject to criticism. The report was not contrary to the weight of evidence, but rather was sustained by the evidence.

The judgment and order should be affirmed, with costs.

CRAPSER, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Judgment and order affirmed, with costs.